STATE OF IOWA V. C. W. DOUGLASS, Appellant.

**Jury: WAIVER.** A jury cannot be waived in a criminal proceeding prosecuted by indictment.

Kinne, J., dissents.

*Appeal from Fayette District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY, DECEMBER 11, 1895.

The defendant was accused by indictment of the crime of nuisance, committed by maintaining a place for the keeping for sale and selling intoxicating liquors in violation of law. He was tried by the court without the aid of a jury, was found guilty, and adjudged to pay a fine of three hundred dollars and costs. From that judgment he appeals.—*Reversed.*

*Ainsworth, Hobson & Ainsworth* for appellant.

*Milton Remley,* attorney general, for the state.

Robinson, J.—The defendant entered to the indictment a plea of not guilty. The record shows

that a jury was waived, and that the cause was tried by the court without a jury. The only question we find it necessary to determine is whether a jury may be waived in a criminal proceeding prosecuted by indictment, and the cause be tried by the court. This question was considered, and fully answered in the negative, in *State v. Carman*, 63 Iowa, 130 (18 N. W. Rep. 691). That case was followed in *State v. Larrigan*, 66 Iowa, 426 (29 N. W. Rep. 907). It is insisted on behalf of the state that the decision in those cases is wrong, and that they should be overruled; that a trial by jury is not made compulsory by the constitution of this state, but that it is a mere right, that may be waived. Section 9 of article 1 of the constitution provides that "the right of trial by jury shall remain inviolate;" and section 10 of the same article provides that "in all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury." It may be conceded that these provisions do not require that all trials in criminal cases be by a jury, but it does not follow that in all such trials juries may be waived. Section 4347 of the Code, relating to trials in criminal cases in district courts, provides that "issues of fact shall be tried by a jury;" and section 4350 further provides that "an issue of fact must be tried by a jury of the county in which the indictment is found unless a change of venue has been awarded." These provisions apply to issues of fact in criminal cases raised by pleas to indictments. There is no provision for the trial of such issues excepting by jury. The statute has not conferred upon the court jurisdiction to try them without the aid of a jury, and jurisdiction cannot be conferred by consent or agreement of parties. The question is not whether rights which are guarantied by the constitution may be waived, but whether an

absolute provision of the law may be set aside, and a power which the statute has withheld be conferred by agreement. Our conclusion that it cannot be done; that a jury cannot be waived, and a trial be had by the court, when there is no provision of law authorizing it,—is in harmony with the decisions of other states, some of which were rendered under provisions of law not so exacting and restrictive as are the laws of this state. *Arnold v. State,* 57 N. W. (Neb.) Rep. 378; *State v. Lockwood,* 43 Wis. 403; *Cancemi v. People,* 18 N. Y. 135; *Williams v. State,* 12 Ohio St. 622; *Allen v. State,* 54 Ind. 461; *Hill v. People,* 16 Mich. 351; *State v. Maine,* 27 Conn, 281; *Bond v. State,* 17 Ark. 290; *Wilson v. State,* 16 Ark. 601; *People v. Smith,* 9 Mich. 193; 6 Cr. Law Mag. 182; Cooley, Const. Lim. 319. In justices' court, in this state, criminal cases are properly triable to the justice, unless a jury is demanded by the accused. Code, sections 4669, 4672. Section 4702 of the Code provides that criminal cases are triable on appeal in the district court in the manner in which they should have been tried before the justice; and it was held in *State v. Ill,* 74 Iowa, 441 (38 N. W. Rep. 143), that in such a case a jury may be waived in the district court. It is suggested in behalf of the state that if the rule of *State v. Carman, supra,* be adhered to, it should be applied only in cases involving felonies, and not those for misdemeanors only. The rule was established by the general assembly, and its application must be determined by the legislative enactments. It cannot be extended or modified by the courts. We are satisfied with the rule announced in *State v. Carman,* and adhere to it.

Other questions discussed in argument are based upon the evidence, and may not arise on another trial.

Therefore they are not determined. For the reasons shown the judgment of the district court is *reversed*.

Kinne, J., dissents.