The People of the State of New York, Respondent, *v.* Martha Halwig, Appellant.

(County Court, Oneida County, July, 1903.)

**City Court of Utica — Jury trial — Insufficient return on appeal.**

Where a defendant waives a jury trial when arraigned in the City Court of Utica and does not comply with the special statute requiring such trial to be demanded two days before the day for

which the trial or hearing is set down it is not erroneous for the City Court to refuse her a jury trial on the adjourned day.

Where the return of the said court contains no evidence tending to show that the defendant committed the offense charged a judgment of conviction must be reversed.

APPEAL by defendant from a judgment of conviction of assault in the third degree, rendered by the City Court of Utica, on the 6th day of February, 1903, under which defendant was sentenced to pay a fine of five dollars, or stand committed in default of payment thereof five days in the Oneida county jail.

Bradley Fuller, for appellant.

Josiah Perry, for respondent.

DUNMORE, J. The first ground of error alleged in appellant's affidavit is that she was refused a trial by jury. At the time defendant was arraigned, her counsel waived a jury trial. Upon the adjourned day, before any testimony was taken, her counsel demanded a jury trial, which was refused.

Section 702 of the Code of Criminal Procedure provides that: " Before the court hears any testimony upon the trial, the defendant may demand a trial by jury."

In People v. Molinet, 13 Misc. Rep. 301, it was held that in a case of which the Court of Special Sessions has exclusive jurisdiction in the first instance the right of the defendant to demand a jury trial continues until testimony is actually taken, notwithstanding his previous waiver of a jury trial. But the City Court Act of the city of Utica, chapter 103 of the Laws of 1882, as amended by chapter 60, Laws of 1888, and chapter 154, Laws of 1889, provides that a trial by jury must be demanded two days before the day upon which the hearing or trial is set down for. That was not done in this case, and as the City Court provision was enacted after the enactment of the Code of Criminal Procedure, and is a special act, its provisions must prevail

over any conflicting provision of the Code of Criminal Procedure. I do not think, therefore, that the refusal of a jury trial to defendant upon the adjourned day, she having previously waived a trial by jury, was reversible error.

Another point raised by the appellant is that the return fails to show that defendant committed the offense of which she was convicted. One of the errors alleged in appellant's affidavit was that all the evidence, papers and proceedings taken and had did not warrant the conviction of defendant of the crime of assault in the third degree. That return required the City Court of Utica to return all the evidence upon the subject. Code Crim. Pro., § 756; People ex rel. Baker v. Beatty, 39 Hun, 478.

The return failed to show that any evidence was given proving or tending to prove that defendant committed the alleged offense. Counsel for neither party applied for an amended or further return. Counsel for the People contended that in the absence of a certificate in the return that it contains all the evidence the appellate court must presume that evidence was given sufficient to sustain the finding and cites Soule v. Veyrac, 13 Misc. Rep. 167; Brooker v. Filkins, 9 id. 146, and Schwinger v. Raymond, 105 N. Y. 648. I do not think the rule invoked applies to appeals from justices' courts or Courts of Special Sessions. My attention has been called to no case so holding. The proceedings, practice and pleadings, including appeals from the City Court, are governed by the provisions of the Code of Criminal Procedure relating to Courts of Special Sessions except as otherwise in said City Court Act provided. City Court Act, Laws of 1882, chap. 103, § 6. Furthermore, such a rule could not very well apply to appeals of this kind for the reason that on appeals from Courts of Special Sessions the court is not required to return all the evidence, but only so much of the evidence as pertains to the errors alleged in the affidavit. People v. McGann, 43 Hun, 57.

I am, therefore, of the opinion that unless the return contains sufficient evidence to show that the defendant was guilty of the offense of which she was convicted, it is the duty

of this court to reverse the conviction. As the return contains no evidence proving or tending to prove that defendant committed the crime of assault in the third degree the judgment must be reversed.

Judgment of conviction reversed.