# Merriweather *v.* The State

*Petit Larceny.*

(Decided Jan. 16, 1908. 45 South. 420.)

1. *Jury; Right of Jury Trial; Demand; Misdemeanors; Statutes.* —Under the provisions of the act creating the Jefferson Criminal Court (General Acts 1886-7, p. 838) a defendant charged with a misdemeanor who fails for more than ten days after his arrest to make a demand for a jury trial, is not entitled to a jury trial.

2. *Statutes; Construction; Jury Trial.*—The provision of the act creating the Jefferson Criminal Court (General Acts 1886-7, p. 838) permitting application for trial by jury in misdemeanor cases "after the court assumes jurisdiction," applies to cases only that were transferred to that court on its establishment from the existing courts."

3. *Criminal Law; Misdemeanor; When Jurisdiction of Court Attaches.*—Where a prosecution for a misdemeanor is commenced by affidavit and warrant returnable to the Jefferson Criminal Court the jurisdiction of the court attaches upon the completion of the complaint and issuance of the warrant.

APPEAL from Jefferson Criminal Court.

Heard before Hon. D. A. GREENE.

Mattie Merriweather was convicted of petit larceny, and she appeals. Affirmed.

The defendant was arrested under an affidavit and warrant issued on the 15th day of March, 1907, by one of the inferior courts of Jefferson county, and made returnable to the criminal court of Jefferson county. She was arrested and committed to jail on the 15th day of March, 1907. On the 26th day of March, 1907, a demand for a jury was filed in the cause. On the 10th day of April, 1907, when the case was called in the Jefferson criminal court, defendant objected to going to trial without a jury, and moved the court to transfer the case from the nonjury to the jury docket of the court, which motion was denied. The defendant was convicted of petit larceny, and appeals.

JOHN W. & R. CHAMBLEE, for appellant. The defendant was deprived of trial by jury.—Local Laws, Jefferson County, 604; *Cross v. The State,* 78 Ala. 430; *Ex parte Ansley,* 107 Ala. 613; *Knight v. Farrell,* 113 Ala. 258. It is always better that issues of fact be submitted to the determination of the jury.—*Sanders v. The State,* 55 Ala. 45.

ALEXANDER M. GARBER, Attorney General, for the State. The statute should always be so construed as to give full effect to all parts thereof.—*Lehman v. Robinson,* 59 Ala. 219. Under the act creating the court, the trial was properly had before the court without a jury.

McCLELLAN, J.—Section 13 of the act to establish the criminal court of Jefferson county, as here important, reads: "That every person charged, either by complaint or indictment, with the commission of a crime of which this court has jurisdiction shall be entitled to

a trial by jury; provided, that in cases of misdemeanor such person may make a written demand therefor, to the clerk of said court within ten days after he is arrested or taken into custody, or after the court herein established assumes jurisdiction of said case. * * * " Loc. Laws Jefferson County, p. 604 (Gen. Laws 1886-87, p. 838). Sections 14, 15, and 16 of the act provide for the transfer of the pending criminal prosecutions from the circuit and county courts to the court created by that act. We are of the opinion that under this act demand for a trial by jury in a misdemeanor case must be made to the clerk of the court within 10 days after the arrest or taking into custody of the defendant. The expression, "or after the court herein established assumes jurisdiction of said case," had reference only to those cases transferred or transferable from the antecedently existing courts mentioned in sections 14, 15, and 16 of the act.

The correctness of this construction is demonstrated, we think, when it is considered that, if the latterly quoted clause were interpreted to provide that the demand could be made at any time after jurisdiction of the case was assumed by that court, the first preceding requirement would be rendered utterly ineffective—a result violative of the rule that all parts of a statute must, if possible, be given full effect. Besides, the word "demand," as therein used, imports a meaning in keeping with the idea that certain courts will transfer certain classes of causes to the then established court. This prosecution was begun by affidavit charging the commission of a misdemeanor, and the warrant was made returnable to the criminal court of Jefferson county. The jurisdiction of the criminal court was original, and

attached upon the perfection of the complaint and issuance of the warrant.—11 Cyc. 670. The demand for a jury trial was not made within 10 days to the clerk of the court; and a motion to that end at the inception of the trial, according to our construction of the section quoted, came too late.

The judgment of conviction is affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.