[Hammond v. The State.]

# Hammond v. The State.

## Carrying Concealed Weapons.

(Decided Feb. 6, 1908.  45 South. 654.)

1. *Jury; Right to Trial by; Waiver in Misdemeanor Cases.*—Under the provisions of sections 10 and 25 of an act (Acts 1896-7, p. 807) creating the Cleburne county court, a defendant charged with misdemeanor waives his right to a trial by jury if he fails to make a demand therefor before the first term of the court after his arrest.

2. *Criminal Law; Evidence; Opinion.*—The statement by a witness "I did not see where the pistol came from, but it is my judgment that he took it out of his pocket," is the expression of a mere opinion on a subject which was for the determination of the jury and was improperly admitted.

APPEAL from Cleburne County Court.

Heard before Hon. T. A. JOHNSON.

Zall Hammond was convicted of carrying a pistol concealed and he appeals.  Reversed and remanded.

EVANS & McMAHON, for appellant.  The record must show that the defendant pleaded to the indictment, or that he stood mute, whereupon the court entered a plea of not guilty.—*Jackson v. The State*, 91 Ala. 55; *State v. Rooks*, 49 L. R. A. 189.  Arraignment and pleading was not done away with by section 5262, Code 1896.  The court erred in permitting the witness to state that in his judgment he took the pistol out of his pocket.—*Talladega Ins. Co. v. Peacock*, 67 Ala. 253; *Baker v. Trotter*, 73 Ala. 277.

ALEXANDER M. GARBER, Attorney General, for the State.  The defendant had waived his right to trial by jury.—Acts 1896-7, p. 1813.  The witness had the right to give his best judgment.—*Mayberry v. The State*, 107 Ala. 64.

6 R

ANDERSON, J.—The defendant waived the right to a trial by jury by failing to make the demand for same before the first jury term of the court after his arrest.— Acts 1896-97, pp. 807, 813, §§ 10, 25.

The trial court erred in permitting the witness Nelmes to testify, over the objection of the defendant: "I did not see where the pistol came from; but it is my judgment that he took it out of his pocket." The witness stated the circumstances and surroundings, and what he saw; and it was his opinion or conclusion that the defendant took it out of his pocket, as he said he did not see him get it out of his pocket. It was for the jury, or the court sitting without a jury, in this case to determine whether or not he got it out of his pocket. This evidence is unlike that in the case of *Mayberry v. State,* 107 Ala. 64, 18 South. 219.

Whether the court committed reversible error in not arraigning the defendant and giving him a chance to plead, before interposing the plea for him, we need not decide, as the case must be reversed because of the error above pointed out, and this irregularity need not occur upon the next trial. It is a safe practice to read or state the indictment to the accused, and give him a chance to plead thereto, before entering into the trial.

The judgment of the county court is reversed. and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.