# Wilson *v.* The State.

### *Violating Prohibition Law.*

(Decided February 10, 1914.  64 South. 510.)

1. *Jury; Right to Trial; Waiver.*—Unless a defendant demands within the time allowed by section 32, Acts 1909, p. 92, a trial by jury, he waives his right to such trial in a prosecution for violating the prohibition law.

2. *Same; Constitutional Provision.*—The provisions of section 32, Acts 1909, p. 92, are not violative of section 11, Constitution 1901.

3. *Appeal and Error; Review; Special Finding.*—Under section 5360, Code 1907, the only matter open for review where special facts have been found is whether a proper judgment is rendered on the facts as found.

APPEAL from Andalusia City Court.

Heard before Hon. E. T. ALBRITTON.

P. O. Wilson was convicted of violating the prohibition law, and he appeals. Affirmed.

[Wilson v. The State.]

See, also, 64 South. 509.

The special findings of fact made by the court was that defendant, P. O. Wilson, at a time during the latter part of the year 1912, the indictment being filed February 13, 1913, sold to J. G. Foxworth a half pint of whisky for which Foxworth paid him the sum of 50 cents, and that such sale occurred in Covington county, and within 12 months next before the finding of the indictment, and that the general character of defendant in the community was good.

A. WHALEY, for appellant. The lower court erred in refusing to grant defendant a trial by jury.—Sec. 5, art. 1; sec. 11, art. 1; sec. 45, art. 4, Constitution; 12 Enc. P. & P. 241; Local Acts 1911, p. 327, sec. 12. On these same authorities the court erred in finding that the jury had been waived. The Fuller Bill does not embrace in its title the matter of trial by jury as to its criminal features, and is therefore violative of section 45, Constitution 1911.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Appellant was indicted for an offense unknown to the common and statutory laws existing at the time of the adoption of the Constitution of 1901, and hence, was not entitled to call to his aid section 11 of such Constitution.—*Tims v. State,* 26 Ala. 165; *Boring v. Williams,* 17 Ala. 510; *Thomas v. Bibb,* 44 Ala. 721. Unless a jury is demanded within five days it is waived.—Sec. 32, Acts 1909, p. 327. The court has declared the Fuller Bill constitutional.—*Alford v. State, ex rel.,* 170 Ala. 178.

PELHAM, J.—On the undisputed evidence the defendant had waived his right to a trial by jury by not

having demanded such a trial within the time allowed by law for that purpose.—Acts Sp. Sess. 1909, pp. 63, 92, § 32; *Moss v. State,* 3 Ala. App. 189, 58 South. 62. See, also, *Wilson v. State, supra,* 64 South. 509.

Section 32 of the special act in question is not violative of the constitutional provision (section 11) that the right of trial by jury shall remain inviolate. See authorities collected and cited in the Criminal Code in connection with this section. Nor does the section or act in question contravene any other constitutional requirement urged against it.

The case was tried by the court without a jury, and a special finding was required under the provisions of section 5360 of the Code, and such a finding, shown to have been regularly made, is set out in due form in the transcript. In reviewing the judgment appealed from, the only matter left open for review in this particular is whether a proper judgment, supported by the facts so found, was rendered by the court on the facts as found.—*Pell City Mfg. Co. v. Cooper,* 172 Ala. 532, 537, 55 South. 214; *Chandler & Jones v. Crossland, et al.,* 126 Ala. 176, 28 South. 420; *W. U. Tel. Co. v. Anniston Cordage Co.,* 6 Ala. App. 351, 361, 59 South. 757. An examination of the facts as specially found by the court shows them, as found, without resort to and unaided by extrinsic evidence appearing in the bill of exceptions, to furnish sufficient support for the judgment rendered.

We find no error in the record, and the judgment of the trial court will be affirmed.

Affirmed.