# Johnson v. McFry.

### Detinue.

(Decided April 8, 1915. 68 South. 718.)

1. *Appeal and Error; Review; Finding by the Court.*—In an action tried by the court without a jury the sufficiency of a special finding of the facts made by the court on its own motion, to support the judgment rendered, will be reviewed when reserved and presented by bill of exceptions.

2. *Same.*—In such a case, the only question open for consideration and review is whether the facts so found by the court support the judgment rendered.

3. *Same.*—In such a case a judgment on a special finding cannot be sustained unless the court directly and affirmatively finds every fact in issue essential to support the right of recovery.

4. *Landlord and Tenant; Relationship; Contract of Hire.*—An agreement that M. was to furnish land and a mule to cultivate a crop thereon, and that B. was to furnish the labor to cultivate the crop, the crop to be divided, did not of itself, make the contract one of hire within section 4743, Code 1907.

5. *Same.*—Where the agreement was that M. should furnish the land and the mule to cultivate a crop thereon, and B. was to furnish the labor, the crop to be equally divided, and each subsequently agreed to use fertilizer to be furnished by M. to be paid for out of the proceeds of the crop at the equal expense of both parties, they then became joint owners of the crop, and the contract was not one of hire. (Section 4792, Code 1907.)

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by Jim McFry against J. E. Johnson, for a bale of cotton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

For another phase of this case see *Johnson, et al. v. McFry,* 14 Ala. App., 68 South. 716.

CHARLES F. DOUGLASS, for appellant.

BLACKWELL & AGEE, for appellee.

PELHAM, P. J.—(1-3) The case was tried by the court without a jury, and a special finding of facts made by the court ex mero motu. When a bill of exceptions is reserved and a finding thus made is presented on appeal, this court will examine and determine whether the facts are sufficient to support the judgment.—*Sayre v. Weil,* 94 Ala. 466, 10 South. 546, 15 L. R. A. 544. In reviewing the judgment appealed from, the only question open for consideration is whether the judgment rendered is supported by the facts as found by the court.—*Wilson v. State,* 10 Ala. App. 158, 64 South. 510, and authorities cited on this proposition on page 160. But the court must directly and affirmatively find every fact in issue essential to the right of recovery, or the judgment pronounced upon the finding cannot be sustained.—*Betancourt v. Eberlin, Adm'r,* 71 Ala. 461; *Bibb v. Hall & Farley,* 101 Ala. 79, 87, 14 South. 98.

This was an action in detinue for a bale of cotton, alleged by plaintiff in the court below (the appellee here) to have been raised by one Joe Brown on the plaintiff's land during the year 1913. These averments, as laid in the complaint, constituted one of the issues upon which the appellee's right of recovery depended, but we do not think it directly and affirmatively appears from the facts found by the court that the particular bale of cotton levied upon and involved in this suit was raised by Brown on the plaintiff's land during the crop year of 1913. But, however this may be, and whether the fail-

ure to find the essential fact pointed out is such a fatal omission as would necessitate our saying that the judgment rendered is not supported by the facts as found by the court, we are bound to hold, in conforming our holdings to the decisions of the Supreme Court (section 10 of the act approved March 9, 1911 [Acts 1911, p. 100]), that the conclusion reached by the court that the contract between Brown and McFry was one of hire, within the provisions of section 4743 of the Code, was not justified by the facts found. This is the real question sought to be presented and the cardinal proposition involved in the appeal. A disposition of it is a determination of all the questions presented which are discussed and insisted upon by the parties in briefs of counsel.

(4, 5) In the special finding of facts the court found that McFry and Brown made an agreement for the cultivation of a certain tract of land, under which McFry agreed to furnish the land and a mule, and Brown agreed to furnish the labor to cultivate the crop, which was to be divided equally; that it was customary to use commercial fertilizers for making the crops under such a contract as made between the parties, each party bearing half of the cost of the fertilizer; that subsequently the parties did agree to use 20 sacks of guano that was furnished by McFry in cultivating the crop under an understanding that it was to be paid for out of the proceeds of the crop, at the equal expense of both parties. The agreement between the parties that McFry was to furnish the land and a mule to cultivate the crop, and Brown was to furnish the labor, was not of itself, without more, sufficient to bring the contract within the terms of section 4743 of the Code (*Tate v. Cody-Henderson Co.*, 11 Ala. App. 350, 66 South. 837),

and under the facts as found by the court it subsequently became a part of the contract between the parties by mutual agreement that Brown was to pay or bear half of the expense for the fertilizer used on the crops, and, if so, they were joint owners under the terms of section 4792 of the Code, on the recent holding of the Supreme Court in *Williams v. Lay,* 184 Ala. 54, 63 South. 466, and the trial court was in error in finding the contract between the parties to be one of hire, and its judgment consequently is not supported by the facts found. The charge referred to in the opinion in the case of *Williams v. Lay, supra,* as conforming to the law, but which is not set out in the report of that case, is shown by the original record to be in this language: "I charge you that, if you find from the evidence to your reasonable satisfaction in this case that there was a contract or agreement, either express or implied, under which the crop was grown, that Lay and Williams were to each furnish, or pay for when furnished, one-half each of the fertilizer used on the land, and the crop was so raised, then you must find for the defendant, Lay."

There is no other reasonable interpretation to put on the contract between McFry and Brown under the facts as found by the court than that each party was to pay for or bear the expense when furnished of one-half of the fertilizer that was used in growing the crop.

It follows from what has been said that the judgment of the trial court must be reversed for the errors pointed out, and the cause remanded for another trial in conformity with the views expressed agreeable to the holdings of the Supreme Court. See, also, *Johnson v. Mc-Fry,* 68 South. 716.

Reversed and remanded.