WILLIAM C. OLANDER, Plaintiff, v. T. P. HOLLOWELL, Defendant.

CONSTITUTIONAL LAW: Amendment of Constitution—Submission to Popular Vote. The constitutional duty to submit proposed constitutional amendments to the people "in such manner and at such time as the general assembly shall provide," may be discharged (1) by a *particular* enactment of such manner and time for each particular proposal, or (2) by a *general* enactment of such manner and time for all cases not covered by a particular enactment.

CONSTITUTIONAL LAW: Bill of Rights—Applicability. Principle reaffirmed that the Federal constitutional amendments commonly known as the "Bill of Rights" find no application to trials in state courts.

CONSTITUTIONAL LAW: Amendments—Belated Attack. Principle reaffirmed that the courts will be very reluctant to stamp an amendment as illegally adopted when such amendment has stood unquestioned for nearly half a century.

JUNE 21, 1922.

ACTION in habeas corpus. Petition filed in this court. The opinion states the facts.—*Writ quashed.*

*Healy & Breen,* for plaintiff.

*Ben J. Gibson,* Attorney General, *B. J. Flick,* Assistant Attorney General, and *Verner E. Gabrielson,* County Attorney, for the State.

DE GRAFF, J.—The petition filed prays for the issuance of a writ of habeas corpus, and it is predicated on the alleged illegal restraint of the petitioner William C. Olander by the defend-

ant T. P. Hollowell, as warden of the state peni

1. CONSTITUTIONAL
LAW: amendment
of Constitution:
submission to
popular vote.

tentiary of Iowa. Plaintiff originally was held to the district court of Webster County, Iowa on a warrant based upon a county attorney's information charging murder in the first degree. The information was in conformity to the statutes of the state of Iowa and was duly approved by the judge of the district court in Webster County, Iowa, as required by the statute. Plaintiff, as defendant in the criminal action, entered his plea of guilty in open court, counsel having been appointed to defend. Evidence was taken, and after a compliance with all the requirements of law, judgment was entered by the trial court, and petitioner was sentenced to be hanged. An appeal to the Supreme Court of Iowa was taken and the judgment was affirmed. *State v. Olander,* 193 Iowa —.

The primary and only contention of the petitioner in the instant cause is (1) that the district court of Webster County did not have jurisdiction in the criminal cause and (2) that this court has no jurisdiction thereof. These contentions are predicated on the alleged irregularity in the adoption of an amendment to the Constitution of Iowa, under which the county attorney's information law was enacted by our state legislature. Expressing the thought in another form, it is contended that Section 1 Article 10 of the Constitution of Iowa was not respected in the adoption of Section 15 of Article 5 of the Constitution of Iowa, and therefore the enactment by the legislature of the county attorney's information law is without authority, unconstitutional and void. Section 11 of Article 1 of the Constitution of Iowa originally provided: ''All offenses less than felony * * * shall be tried * * * on information under oath, without indictment, or the intervention of a grand jury * * *; and no person shall be held to answer for any higher criminal offense, unless on presentment or indictment by a grand jury * * *.''

At the general state election in the year 1884 the electorate of Iowa voted for and duly adopted four amendments to the Constitution of Iowa, one of which amended Section 11 of Article 5 and gave authority and power to the legislature of this

state to enact a law requiring a person to answer for a felony without a presentment or indictment by a grand jury. In conformity to this authority the legislature of Iowa did enact the county attorney's information law. Sections 5239-a *et seq.* Code Supplement 1913.

It is the specific claim of appellant that the twentieth general assembly of Iowa did not by resolution provide the manner and time of submission to a vote of the people of the amendment in question and that therefore the amendment was not constitutionally adopted.

Section 1 of Article 10 of the Constitution of Iowa provides: "Any amendment or amendments to this Constitution may be proposed in either house of the general assembly; and if the same shall be agreed to by a majority of the members elected to each of the two houses, such proposed amendment shall be entered on their journals, with the yeas and nays taken thereon, and referred to the legislature to be chosen at the next general election, and shall be published, as provided by law, for three months previous to the time of making such choice; and if, in the general assembly so next chosen as aforesaid, such proposed amendment or amendments shall be agreed to by a majority of all the members elected to each house, then it shall be the duty of the general assembly to submit such proposed amendment or amendments to the people in such manner, and at such time as the general assembly shall provide; and if the people shall approve and ratify such amendment or amendments by a majority of the electors qualified to vote for members of the general assembly, voting thereon, such amendment or amendments shall become a part of the Constitution of this state."

It is admitted that the nineteenth general assembly adopted the proposed amendment in conformity to the Constitution and referred the amendment to the legislature to be chosen at the next general election. In brief, it is conceded and admitted that all constitutional provisions germane to the matter in controversy were respected, except that the next succeeding legislature after the amendment had been proposed and adopted by its predecessor did not by formal resolution submit the proposed amendment to the people for approval. It is conceded and ad-

mitted, however, that the nineteenth general assembly enacted a general law (Section 56 Code 1897) which reads as follows: "Whenever a proposition to amend the Constitution shall have been adopted by two succeeding general assemblies, if no other time is fixed by the last general assembly adopting the same for its submission to the people, it shall be done at the ensuing general election, in the manner required by law, and the board of state canvassers shall declare the result and enter the same of record in the book mentioned in the preceding section, immediately following and in connection with the proofs of publication."

Under this law the properly constituted state authorities made due and legal publication of the proposed amendment and submitted it to the electorate of Iowa. The amendment was ratified by an overwhelming majority.

Two essential things are necessary to be done before the state Constitution may be changed or amended: (1) that the amendment shall pass the two houses of the legislature at two successive sessions thereof and (2) ratification by the majority of the people voting on the question. These things were done. The Constitution of Iowa clearly contemplates that the general assembly shall submit proposed amendments to the people "in such manner and at such time as the general assembly shall provide." The nineteenth general assembly of the state of Iowa by general law provided for this very matter. That act was law when the twentieth general assembly agreed to the constitutional amendment in question and it must be read into their proceedings as effectively as if that assembly had made special reference thereto or had submitted the amendment to the people by a formal resolution. It was the law of the state, and unless repealed, was binding and a part of the proceedings of the twentieth general assembly in matters pertaining thereto. There is no constitutional objection to the enactment of such a law, and this being true it is entirely proper and legal for a legislature to provide by general, instead of special, legislation for submitting constitutional amendments to the people. *Martin v. Board of Elec. Commissioners*, 126 Cal. 404.

It must be presumed that the legislature intended to do its

duty and the secretary of state and the county auditors were warranted in taking the steps provided by statute for placing the proposition of amendment upon the official ballots. The electorate was given an opportunity to ratify or reject under the general law in the same manner as though a formal resolution had been passed by the second legislature. To hold otherwise would sacrifice substance to form, and to permit a technical and immaterial departure to thwart the clearly expressed will of both legislature and the electorate. This may not be done. *State v. Herried*, 10 S. D. 109 (72 N. W. 93).

By amendment to his petition the plaintiff alleges that the "confinement of said William C. Olander is in violation of the Constitution of the United States and amendments thereto and

2. CONSTITUTIONAL LAW: Bill of Rights: applicability. is in direct and unequivocal violation of Article V of the Amendments to the Constitution of the United States." In support of this allegation the petitioner cites the recent case of *United States v. Moreland*, 42 Sup. Ct. Rep. 368. This case is in no sense controlling for the reason that the fifth amendment of the Constitution of the United States is applicable only to Federal court procedure. The constitutional guaranty therein contained may not be invoked under the circumstances of the instant case in a state court.

In brief, the amendments to our United States Constitution, commonly known as the "Bill of Rights," find no application to trials in state courts. This is true of the guaranty of the right of trial by jury. (Article III, Section 2, Paragraph 3). *Nashville C. & St. L. Railway v. Alabama*, 128 U. S. 96; *State v. Walker*, 192 Iowa 823.

The privilege and immunity clause (Art. IV, Sec. 2) providing for guaranties to which citizens of the several states are entitled are privileges and immunities which they enjoy as citizens of the United States, and the clause has no relation to privileges and immunities which appertain to citizenship in the states as distinguished from citizenship in the United States. *Bradwell v. State of Illinois*, 16 Wall. (U. S.) 130; *McCready v. Virginia*, 94 U. S. 391.

The second amendment to the Constitution may not be invoked as limiting the power of the states as long as a state in

the exercise of its power does not interfere with the ability of the United States government to command the military resources of the state. *Presser v. Illinois,* 116 U. S. 252.

The first eight amendments to the United States Constitution are limitations on the United States, and have no relation to the authority of the states. *Barron v. Mayor,* 7 Pet. (U. S.) 243; *Withers v. Buckley,* 20 How. (U. S.) 84; *Pumpelly v. Green Bay Co.,* 13 Wall. (U. S.) 166.

We are not holding that the Supreme Court of the United States may not inquire upon a review of the proceedings in a criminal case in the courts of a state, as well as in the United States, whether the accused has been convicted by "due process of law." *Hallinger v. Davis,* 146 U. S. 314. In the *Moreland* case, supra the provisions of the Constitution of the United States were applicable and enforcible in the District of Columbia in which that case found its jurisdiction. See *Callan v. Wilson,* 127 U. S. 540. The seventh amendment to the United States Constitution does not relate to trials in state courts. *Edwards v. Elliott,* 21 Wall. (U. S.) 532; *Justices v. Murray,* 9 Wall. (U. S.) 274. The eighth amendment has reference solely to proceedings in the courts of the United States. *Pervear v. Commonwealth,* 5 Wall. (U. S.) 475. The Constitution of the United States is a delegation of power; the Constitution of a state is a limitation of power. *Martin v. Hunter's Lessee,* 1 Wheat. (U. S.) 304.

It is not necessary to further pursue the line of inquiry suggested by the petitioner in his amendment to petition since the primary question presented to this court on this appeal involves the procedure in amending the Constitution of Iowa. Holding, as we do, that the Constitution was constitutionally amended, there is no occasion to inquire further into the legislation of our general assembly enacted in pursuance to the adoption of the amendment in question.

It requires a very clear case to justify the setting aside of either Constitution or statute which has been uninterruptedly acquiesced in for nearly forty years. The matters involved have

3. CONSTITUTIONAL LAW: amendments: belated attack. been at rest for a long time and presumed permanently. It may be said in passing that not only is the matter in suit concerned but questions may arise contained in three other amendments ratified at the same time and subject to as grave consequences as the controversy in this case. We have endeavored to state with fullness the importance which this case demands, but a situation does not present itself that justifies the sustaining of plaintiff's contention.

We conclude, therefore, that the petition must be denied and the writ issued is annulled and quashed, and the prisoner is remanded to the custody of the warden of the state penitentiary of Iowa, defendant herein.

STEVENS, C. J., EVANS, PRESTON, and ARTHUR, JJ., concur.

WEAVER and FAVILLE, JJ., take no part.