STATE OF IOWA, Appellee, v. CHARLES R. BERG, Appellant.

Nos. 46757
46758.

MARCH 5, 1946.

Raymond E. Hanke, of Des Moines, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, and Vernon R. Seeburger, County Attorney, for appellee.

OLIVER, J.—■ Informations filed in the municipal court of Des Moines May 21, 1945, charged appellant with willfully parking a vehicle within an intersection, in violation of section 5030.05, Code of Iowa, 1939, and with willfully disobeying a traffic officer, in violation of section 5017.02 of the Code. The violation of each of said statutes is a misdemeanor, punishable by a fine of not more than one hundred dollars or by jail imprisonment for not more than thirty days. Code section 5036.01.

May 24th appellant appeared, was arraigned, and pleaded not guilty to each charge. At said time the cases were set for trial on June 4th.

Rule 9 of the municipal court of Des Moines provides:

"In all criminal cases in which the defendant is entitled to a trial by jury on demand * * * the demand must be made at least three days prior to the day upon which the said cause

358

is first set for trial. On failure to demand a jury trial as herein provided, the jury will be waived, and the case will be tried to the Court.''

On June 4th, before evidence was taken, appellant appeared with his attorney and demanded a jury trial upon each charge. The court overruled the demand because not made three days prior to the date set for the trials (June 4th) and ordered the cases tried to the court. Upon such trial appellant was convicted upon each charge and was fined $15 upon one and $10 upon the other. The cases were consolidated for trial and also upon this appeal. The only complaint of appellant in this court is that his right to a trial by jury was denied him.

The district court has original jurisdiction of such criminal prosecutions only as are punishable by a fine of more than one hundred dollars or imprisonment for more than thirty days. Such charges are presented on indictments or on county attorney's informations and such offenses are commonly known as indictable offenses. Code section 13644. Indictable offenses include all felonies and also indictable misdemeanors (punishable by a fine of more than one hundred dollars or more than thirty days' imprisonment in jail). See Code sections 12890, 12894; Article I, section 11, Constitution of Iowa.

Misdemeanors for which the penalty does not exceed one hundred dollars or thirty days in jail are called nonindictable offenses or nonindictable misdemeanors. Frequently they are referred to as minor offenses or petty offenses. Justice-of-the-peace courts and certain other inferior courts or courts of limited jurisdiction have jurisdiction of nonindictable offenses but not of trials of indictable misdemeanors nor of felonies. Code, chapter 627. The district court does not have original jurisdiction of nonindictable offenses.

Municipal courts (Code, chapter 475) have jurisdiction to try indictable misdemeanors and also nonindictable misdemeanors. Code section 10656. In this case the prosecutions are for nonindictable offenses. Code section 10669, in the municipal-court chapter, provides that such offenses, other than those for the violation of city ordinances, ''shall, except as otherwise provided in this chapter, be triable in the same manner as crim-

inal actions in justice of the peace or other courts having jurisdiction thereof." (Italics supplied.)

Code section 13571 (chapter 627: Trial of Nonindictable Offenses), provides:

"Before the justice has heard any testimony upon the trial, the defendant may demand a jury."

Section 13568 states, in part, "if the defendant does not demand a trial by jury, the justice must proceed to try the issue * * *."

However, Code section 10678 provides, with reference to municipal courts:

"Demand for trial by jury may be made as provided by rule of court, and if not so made, the cause shall be tried by the court."

It is obvious that the municipal court adopted its Rule 9, the three-days' jury-demand rule, pursuant to the above-quoted parts of Code sections 10678 and 10669. Said Rule 9 does not apply to trials of felonies or indictable misdemeanors. The municipal court does not have jurisdiction to try prosecutions for felonies and the last paragraph of Code section 10669 provides that indictable misdemeanors are triable in municipal court in the same manner as like cases in district court. Rule 9 applies to the trials of nonindictable misdemeanors only, in which the defendant is entitled to a jury on demand.

Code section 13804, which provides that issues of fact must be tried by a jury, is in a chapter of the Code which has reference to indictable offenses only. In State v. Carman, 63 Iowa 130, 18 N. W. 691, 50 Am. Rep. 741, a felony case, we held that such a statutory provision as Code section 13804 excludes the jurisdiction of the court, without a jury, to try such issue, and that the defendant could not waive a jury and submit to trial by the court alone. This decision was followed in State v. Larrigan, 66 Iowa 426, 23 N. W. 907, a felony case, and in the following indictable-misdemeanor cases: State v. Tucker, 96 Iowa 276, 65 N. W. 152; State v. Douglass, 96 Iowa 308, 65 N. W. 151; State v. Rea, 126 Iowa 65, 101 N. W. 507; State v. Williams, 195 Iowa 374, 191 N. W. 790; State

v. Stricker, 196 Iowa 290, 194 N. W. 60. It has been cited in other decisions.

Cases involving nonindictable misdemeanors arrive at a result contrary to the foregoing decisions. State v. Ill, 74 Iowa 441, 38 N. W. 143, holds that in the trial in district court upon appeal from a conviction of a nonindictable offense, of which the district court does not have original jurisdiction, the defendant may waive trial by jury. This case is cited in State v. Douglass, supra, 96 Iowa 308, 65 N. W. 151, which points out that the statutory provisions for trial by jury apply to issues of fact raised by *pleas to indictments*. State v. Ill was followed in Town of Lovilia v. Cobb, 126 Iowa 557, 560, 102 N. W. 496.

We are not here concerned with the soundness of the doctrine of State v. Carman, as applied to indictable offenses. Appellant was tried for nonindictable offenses. We are satisfied Code section 13804 is not applicable to such prosecutions.

Appellant contends the order denying his demand for jury trial violated the rights guaranteed him by the Constitution of Iowa and the Sixth Amendment to the Federal Constitution. The Sixth Amendment to the Federal Constitution does not apply to the trial of criminal prosecutions by a state. It applies to federal prosecutions only. Gaines v. State of Washington, 277 U. S. 81, 48 S. Ct. 468, 72 L. Ed. 793; Olander v. Hollowell, 193 Iowa 979, 983, 188 N. W. 667 [error dismissed 262 U. S. 731, 43 S. Ct. 699, 67 L. Ed. 1205]; 31 Am. Jur. 554. Moreover, the Federal Constitution does not prohibit a waiver of jury trial in a federal criminal prosecution. Patton v. United States, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263.

Article I, section 9, of the Iowa Constitution, provides that the right of trial by jury shall remain inviolate. Section 10 provides that in all criminal prosecutions the accused shall have a right to a trial by a jury.

The only Iowa decision called to our attention which suggests that the constitutional guaranty of the right to a jury trial may not be waived by the accused is State v. Rea, 126 Iowa 65, 101 N. W. 507. That decision merely refers to Article I, section 10, in connection with the statutes upon which State

v. Carman, supra, is based and recites that State v. Carman has been long adhered to and its propriety is apparent. On the other hand, it is well settled that one charged with a crime may waive constitutional rights. State v. Kaufman, 51 Iowa 578, 2 N. W. 275, 33 Am. Rep. 148; State v. Browman, 191 Iowa 608, 182 N. W. 823; Busse v. Barr, 132 Iowa 463, 467, 109 N. W. 920; Patton v. United States, supra, 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A. L. R. 263. See, also, Proposed Jury Changes in Criminal Cases, by Professor Rollin M. Perkins, 16 Iowa L. Rev. 20 et seq., and 223 et seq. State v. Sereg, 229 Iowa 1105, 1114, 296 N. W. 231, 235, cites and discusses many authorities, and states:

"There is nothing in the Constitutions of the State of Iowa or of the United States which declares an intention to deprive an accused on trial of the power to refuse to assert his constitutional right to trial by jury."

█ In this case the municipal court was empowered by positive legislative enactments to make rules providing for demand for trial by jury in prosecutions for nonindictable offenses, and, if demand was not so made, to try said cases without the interposition of a jury. Accordingly, the municipal court of Des Moines adopted the three-days' jury-demand rule.

It is within the province of the legislature to prescribe the mode and manner of jury trials in criminal causes provided it does not impair the right itself. Legislatures may pass laws regulating, within reasonable limits, the mode in which rights secured to the subject by bills of right and constitutions shall be enjoyed, and if the subject neglects to comply with these regulations he thereby waives his constitutional privileges. In re Marron, 60 Vt. 199, 12 A. 523.

In Schloemer v. Uhlenhopp, 237 Iowa 279, 21 N. W. 2d 457, we held valid a rule requiring demand for jury trial in advance of the trial of civil cases. It was there contended the rule was repugnant to the constitutional provision that the right of trial by jury shall remain inviolate. The decision points out that the reasonable regulation of procedure does not abridge or limit or modify such right but merely prescribes

an orderly procedure by which the litigant may exercise his right.

The text in 31 Am. Jur. 584, states that there are numerous decisions upholding the constitutionality of positive legislative enactments to the effect that one charged with crime may waive trial by jury and elect to be tried by the court. See annotation in 48 A. L. R. 770 to 774.

Harry Goldberg Co. v. Emerman, 125 Ohio St. 238, 239, 181 N. E. 19, states:

"The Cleveland Municipal Court had adopted a rule requiring the demand to be made at a time previous to the trial. The rule was made pursuant to the authority of the statute, and was a reasonable provision. A statute authorizing courts to formulate a rule providing how long before the trial a demand for a jury should be made, and requiring such demand to be in writing, is constitutionally valid. It merely regulates the method of making the demand in the interest of economy and orderly procedure. It does not deny a party his right to a jury trial. * * * This court has held that, in the trial of misdemeanors, statutes requiring a demand for a jury before trial are not unconstitutional. Hoffman v. State, 98 Ohio St. 137, 120 N. E. 234."

Wilson v. State, 10 Ala. App. 158, 159, 64 So. 510, holds defendant "had waived his right to a trial by jury by not having demanded such a trial within the time allowed by law for that purpose." The act in question was not violative of constitutional provisions that the right of trial by jury shall remain inviolate. See, also, Merriweather v. State, 153 Ala. 52, 45 So. 420; Moss v. State, 3 Ala. App. 189, 58 So. 62; Hammond v. State, 154 Ala. 81, 45 So. 654; Holmes v. State, 29 Ala. App. 594, 199 So. 736; People v. Halwig, 41 Misc. 227, 84 N. Y. Supp. 221.

In Stafford v. State, 154 Ala. 71, 73, 45 So. 673, 674, the act provided the judge should try the cause except when trial by jury was demanded by defendant in writing, filed with the clerk at the first sounding of the case after the arrest:

"The court adopted a rule, which was a reasonable one, and which it had the inherent right to do, as it in no way

contravened the law. The rule adopted provided that the criminal docket be called every Monday morning during term time, 'and misdemeanor cases will be called on the first Monday after arrest of the defendants at 9 o'clock a. m., and written demand for the jury (if jury to try the case is desired) must be filed on said day or cause will be placed on the nonjury docket.' The rule was not only warranted by the statute, but was essential to an orderly and expeditive administration of the law.''

In the case at bar the municipal-court rule does not abridge, limit, or modify the constitutional right of an accused to trial by jury. Such *right* remains inviolate. The rule merely provides an orderly procedure by which the *right* may be exercised if the accused so elects. We have already pointed out that the statute (now Code section 13804) which provides that issues of fact must be tried by a jury does not apply to prosecutions for petty offenses. ,

It is our conclusion that the provisions of Code sections 10678 and 10669, empowering municipal courts to make rules for demand for trial of minor offenses by jury, are not invalid and that the three-days' jury-demand provision of the court rule is not unreasonable. Hence the court did not err in overruling the demand for a jury trial made at the inception of the trial.—Affirmed.

Bliss, C. J., and Mulroney, Garfield, Miller, Hale, Smith, and Wennerstrum, JJ., concur.