STATE OF IOWA, appellee, v. VICKIE RAY JENNINGS, appellant.

No. 52564.

(Reported in 153 N.W.2d 485)

OCTOBER 17, 1967.

Robert G. Riley, of Des Moines, for appellant.

Richard C. Turner, Attorney General, and William A. Claerhout, Assistant Attorney General, for appellee.

LEGRAND, J.—Defendant was convicted of failing to yield the right-of-way to a pedestrian at the intersection of Merle Hay Road and University Avenue in the city of Des Moines, in violation of section 321.257, Code, 1966. She appeals her conviction, alleging three errors for our consideration: (1) that she was denied a jury trial; (2) that the trial court erred in finding her guilty under the evidence; and (3) that she was denied a fair trial.

Merle Hay Road, which runs north and south, forms a T-intersection with University Avenue. Vehicular traffic there is controlled by electrically operated signal lights for eastbound and westbound traffic on University Avenue and for southbound traffic on Merle Hay Road. There is, of course, no signal light for northbound vehicular traffic across University Avenue, since the T-intersection eliminates such traffic. There is, however, a light for pedestrian traffic crossing University Avenue in that direction. It is what is commonly described as a

"scramble" light and is operated by the pedestrian, who activates a button turning all lights for vehicular traffic to red and all lights for pedestrian traffic to "walk". There is no evidence in the record, except inferentially, as to the condition of this "walk" light at the time the alleged offense occurred and immediately prior thereto.

Defendant, proceeding south on Merle Hay Road, entered the intersection with the signal light green in her favor. She turned left to proceed east on University Avenue. Before her turn had been completed, she struck and fatally injured Anna Hermann, a pedestrian, who was then crossing University Avenue from south to north. There is some uncertainty as to whether the pedestrian was in the crosswalk. For our purposes we will assume that she was.

The investigating police officer gave defendant a traffic ticket, charging her with failure to yield the right-of-way to a pedestrian and requiring her to appear in Municipal Court on a date stated therein. The ticket is on a printed form and is a summons or a notice to appear in Municipal Court. It contains blanks or boxes for various information which the investigating officer does not supply, but which is later inserted and which then converts the ticket into an information upon which the criminal prosecution is based. As given to defendant, the ticket did not show whether the charge was being brought under a city ordinance or under section 321.257, Code, 1966, nor did it name either the City of Des Moines or the State of Iowa as her accuser. The printed form of ticket contains boxes for the supplying of all of this information and it was, sometime subsequent to the issuance of the ticket and before the time of trial, supplied on the form. The record does not show when nor by whom this was done.

I. The first assignment of error is that defendant was denied a jury trial. The State concedes defendant was entitled to such a trial under sections 602.28 and 762.15, Code, 1966. The State claims, however, that defendant waived her right to a trial by jury by failure to comply with rule 9 of the Municipal Court which provides that a trial by jury is waived unless a defendant requests one at least three days prior to the time a

case is originally assigned for trial. This rule, which is apparently based upon the authority given the Municipal Court in section 602.39, Code, 1966, has been approved by us in State v. Berg, 237 Iowa 356, 21 N.W.2d 777. The State relies upon that decision here.

When defendant first appeared in Municipal Court as required to do by the traffic ticket issued to her, the following colloquy took place between her counsel and the trial court:

"Mr. Riley: Your Honor, is that a State charge? The Court: Yes.

"Mr. Riley: It wasn't so indicated on the tickets that we had. The Court: It is here on the Information. You mean on the first summons that you received?

"Mr. Riley: That's right. The Court: No, there was no indication there at all, but it's a State case. It would have to be; the charge is failure to yield the right-of-way to a pedestrian in the crosswalk.

"Mr. Riley: There is a City Ordinance as well, I believe. Is that not right? The Court: Well, let's have it a State case. So start taking testimony.

"Mr. Riley: Well, Your Honor, if it's a State case, if I understand correctly, any appeal is directly to the Supreme Court and not to the District Court. The Court: That's right.

"Mr. Riley: I would prefer to enter a plea of not guilty now and request a— The Court: You are up for trial right now.

"Mr. Riley: We were told to appear here, Your Honor, at nine. The Court: Yes, December the 19th you were given a notice to appear in court for trial today on January the 5th at nine o'clock.

"Mr. Riley: If the Court please, at the time she was given that notice the summons did not indicate the—whether the filing was under a Municipal Ordinance or under a State Ordinance. I would be willing to proceed under the Municipal Ordinance if that is satisfactory to the Court. Otherwise, I'd like to defer at this time and request that we be permitted to have trial by jury at some later date. The Court: This case is

going to be tried right now. Call your witnesses and go to trial.

"Mr. Riley: We are proceeding under the State—The Court: State law."

Defendant claims, and we feel the record confirms, this was the first time she knew she was charged with violating a statute rather than an ordinance. It is, therefore, the first time the necessity for demanding a jury trial appeared, since she was entitled to one only if the case were to be tried as a State offense. Section 602.28, Code, 1966. In refusing defendant's request for a jury trial, the court apparently relied upon rule 9 of the Municipal Court and upon our holding in State v. Berg, supra.

We do not feel the Berg case is controlling. There defendant appeared for arraignment, was advised of the charge, and had a trial date set approximately two weeks in advance. No demand for jury trial was made until the day of trial, and we held that the right to a trial by jury had been waived. In the instant case, however, there was no arraignment; there was no trial date set; there was no reason for the defendant to request a jury trial prior to her first appearance in Municipal Court. Until then she was without information which would make such a request necessary.

The State brushes this aside by claiming that defendant may not have known that she was charged specifically with the violation of an ordinance or specifically with the violation of a statute, but she did know she was charged with one or the other. Therefore, the State argues, defendant was neither surprised nor prejudiced by not knowing the exact offense of which she was accused prior to her appearance in Municipal Court. It is true, as State contends, that the elements making up the offense are substantially the same under either the ordinance or the statute. It is also true that the punishment upon conviction is the same, but there the similarity ends. If defendant were to be charged with violation of an ordinance, she is not entitled to a jury trial. If she were to be charged with violation of a statute, she may demand such a trial. The State would put upon defendant the burden of ascertaining what the charge against her was.

■ We have never understood this to be a defendant's obligation when one is charged with the commission of a crime. The very least one is entitled to know is the specific provision of law alleged to have been violated, and the identity of the accuser. This is the requirement of section 762.3, Code, 1966. It is also the holding in State v. Bethards, 239 Iowa 899, 903, 32 N.W.2d 769, 771.

■ We hold that defendant made timely demand for jury trial under rule 9 of the Municipal Court. When such demand was made, no date for trial had yet been assigned. The traffic ticket to which defendant responded merely required her to appear. Neither that ticket nor any other notice advised defendant that a date for trial had been set. Before defendant may be held to have waived her right to a jury trial under rule 9, she must be given an opportunity to comply with that rule. She was given no such opportunity but rather was summarily ordered to trial in violation thereof and in violation also of sections 602.28 and 762.15, Code, 1966.

Because defendant was improperly denied her right to a trial by jury, this cause must be reversed.

■ II. We must still decide if this cause should be remanded for a new trial since defendant's second assignment of error asserts that the evidence is wholly insufficient to support the conviction. Defendant argues that her only duty under section 321.257 was to yield the right-of-way to pedestrians lawfully within the intersection; that Anna Hermann under the evidence could not have been lawfully within the intersection; and that therefore she cannot be guilty of violating this statutory provision. We cannot agree. Subsection 1 of 321.257 provides:

"1. Green alone or 'Go'.

"Vehicular traffic facing the signal may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But vehicular traffic shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited.

"Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk."

When this subsection refers to pedestrians "facing the

signal" it necessarily means facing the green signal, since this is the only signal referred to in that subsection. Since Merle Hay road forms a T-intersection with University Avenue and since no vehicular traffic moves in the direction that Anna Hermann intended to walk, as heretofore described, there is no such signal light at this intersection governing south to north traffic. Obviously the rights of pedestrians intending to cross University Avenue as Anna Hermann intended to do are not governed by the provisions of this subsection, but this does not mean that pedestrians can never lawfully enter this intersection. Other provisions of section 321.257 permit pedestrians to enter the intersection on the yellow or caution light and even on the red light. It merely imposes upon them under those circumstances additional duties of care. Defendant's obligation was to yield the right-of-way to any pedestrian lawfully within the intersection. She cannot escape this statutory obligation by requiring Anna Hermann to obey a nonexistent signal light.

We do not hold, of course, that Anna Hermann was lawfully in the intersection; we merely say that she could have been. There is no merit in defendant's second assignment of error.

III. By her third assignment of error defendant asserts she was denied a fair trial. Since Divisions I and II hereof require a reversal and a new trial, it is unnecessary for us to consider this assignment.

This cause is reversed and remanded for a new trial.— Reversed and remanded.

All JUSTICES concur.