STATE of Iowa ex rel. Mary Jean
BUCHANAN, Appellee,

v.

Lloyd William BUCHANAN, Appellant.

No. 59056.

Supreme Court of Iowa.

Nov. 23, 1977.

Robert D. Mason, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., and Robert E. Keith, Asst. Atty. Gen., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

This was a paternity proceeding under chapter 675, The Code, in which respondent was adjudged the father of LeAnn Marie Buchanan, daughter of the complainant. The sole question on appeal is whether respondent was improperly denied a jury trial. His demand for a jury trial, filed four days prior to trial, was denied and the matter was then tried to the court. We affirm.

The complaint was filed June 18, 1974 against Lloyd William Buchanan (respondent). On June 21, 1974 respondent's attorney appeared but did not answer. On July 1, 1974 respondent submitted interrogatories to the complainant, answers to which were filed August 13, 1974. On August 28, 1975 the trial court set trial for December 9, 1975. Trial was set for submission to the presiding nonjury judge.

Respondent did not file his answer until December 5, 1975. On the same day he filed his demand for jury trial. The demand for jury trial was denied on December 8, 1975. The following day, December 9, 1975, after a motion to reconsider was submitted and a jury was again denied, the matter was heard before the trial court. On December 16, 1975 the trial court found respondent to be the father of the minor child.

I. Respondent's answer was not filed for some 17 months after the complaint was filed. Under rule 85(b), Rules of Civil Procedure, answer was due seven days after appearance. Under rule 177(b), R.C.P., a jury may be demanded within 10 days after the last pleading directed to the issue to be determined by such a jury. Of course respondent would normally be entitled to a jury on the issue of paternity if a timely demand had been filed. Section 675.18, The Code. Cf. *Greenstreet v. Clark*, 239 N.W.2d 143 (Iowa 1976).

Respondent waived any right under rule 177(b), R.C.P. to have the issue presented to a jury. This waiver was effected by respondent's submission without objection for several months to the assignment of the case as a nonjury case. Cf. *State v. Berg*, 237 Iowa 356, 21 N.W.2d 777 (1946); 47 Am.Jur.2d, Jury, § 88, pp. 702–704. A contributing factor to the waiver, in addition to submission to the assignment, is the fact respondent remained long in default before answering.

In denying the jury demand the trial court cited local court rule 8 of the first judicial district as follows:

"In all cases in which a demand for jury trial may be made but the time and manner of making such demand is not covered by rule 177 of the Iowa Rules of Civil Procedure, such a demand for a jury trial must be filed in writing not less than ten (10) days before the date set for trial. If such a request is not timely filed, a jury trial will be deemed to have been waived and a later continuance of the trial will not reinstate a party's right to demand a jury."

In *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 568 (Iowa 1976) we recognized the inherent authority of local courts to establish their own local rules not inconsistent with the Iowa Rules of Civil Procedure. It is unnecessary for us to determine whether local court rule 8 of the first judicial district is in any way inconsistent with rule 177(b), R.C.P. It is enough for us to observe the local rule is of no benefit to

respondent because he did not comply with it by demanding a jury trial not less than 10 days prior to the date set for the trial.

The ruling of the trial court denying the jury demand was proper.

AFFIRMED.