STATE OF IOWA, appellant, v. DANIEL EUGENE JACOBS, appellee.

No. 49834.

(Reported in 100 N.W.2d 601)

JANUARY 12, 1960.

Norman A. Erbe, Attorney General, Marion Neely, Assistant Attorney General, and Ray Hanrahan, County Attorney, all of Des Moines, for appellant.

Lex Hawkins, of Des Moines, for appellee.

PETERSON, J.—Defendant was arrested for driving a motor vehicle while intoxicated. After preliminary hearing in Des Moines Municipal Court a County Attorney's information was filed against him charging violation of section 321.281, 1958 Code of Iowa.

At the trial, before any testimony was taken, defendant filed demurrer, and asked that the information be quashed, and the case dismissed.

Defendant's principal allegation was that the Polk County grand jury was in session, and that under section 769.2 of the Code, there was no constitutional nor statutory basis for filing a County Attorney's information in the Municipal Court. The trial court sustained the demurrer and dismissed the case. The State has appealed.

I. The trial court decided the case on one question of law and did not consider any other questions raised in the demurrer. We do not consider any other questions raised by defendant in the demurrer as relevant or effective.

The penalty in section 321.281 which would pertain to defendant is: "* * * for the first offense by a fine of not less than three hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a period of not to exceed one year, or by both such fine and imprisonment; * * *."

It is obvious that if defendant was guilty, the crime was what is commonly known as an "indictable misdemeanor."

In order to arrive at the intent of the legislature in connection with section 769.2 it is necessary that we consider the pertinent parts of both sections 769.1 and 769.2:

769.1: "Offenses prosecuted on information—jurisdiction. Criminal offenses in which the punishment exceeds a fine of one hundred dollars or exceeds imprisonment for thirty days may be prosecuted to final judgment, either on indictment, as is now or may be hereafter provided, *or on information as herein provided,* * * *." (Emphasis ours.)

769.2: "The county attorney may, at any time when the grand jury is not actually in session, file in the district court, either in term time or in vacation, an information charging a

person with an indictable offense. In judicial districts within which *a municipal court exists,* the county attorney may at any time, *whether or not the grand jury is in session,* file an information in the district *or municipal court* charging a person with a misdemeanor." (Emphasis ours.)

II. We will outline the jurisdiction, as to criminal procedure, of the various courts in our judicial system.

The basic constitutional provision as to criminal jurisdiction appears in Article I, section 11: "All offences less than felony and in which the punishment does not exceed a fine of One hundred dollars, or imprisonment for thirty days, shall be tried summarily before a Justice of the Peace, or other officer authorized by law, on information under oath, without indictment, or the intervention of a grand jury, saving to the defendant the right of appeal; and no person shall be held to answer for any higher criminal offence, unless on presentment or indictment by a grand jury, * * *."

This constitutional provision was amended by Amendment 3 in "Amendments of 1884"; the pertinent part of amendment 3 is as follows: "* * * the General Assembly may provide for holding persons to answer for any criminal offense without the intervention of a Grand Jury."

In 1911 under authority of the constitutional amendment the General Assembly (34 G. A.) adopted chapter 769 of the Code as to "Information by County Attorney." In 1915 the General Assembly (36 G. A.) adopted chapter 602 of the Code as to establishment and jurisdiction of municipal courts. When first adopted the General Assembly did not include in section 769.2 the words "or municipal". These two words were adopted in 1945, creating the section as it now appears in 1958 Code.

The authority with reference to the jurisdiction of the district court in criminal cases appears in section 604.1 as follows: "The district court shall have general, original, and exclusive jurisdiction of all actions, proceedings, and remedies, both civil and criminal, except in cases where exclusive or concurrent jurisdiction is or may hereafter be conferred upon some other court or tribunal by the constitution and laws of the state, and

shall have and exercise all the powers usually possessed and exercised by courts of record."

The jurisdiction of municipal courts appears in section 602.15 as follows: "In all criminal matters the court shall exercise the jurisdiction conferred on the district court for the prosecution of misdemeanors, on justice of peace courts, mayors' courts, and police courts, except that the mayor's court of any incorporated city or town within such municipal court district other than the city within which said court is established shall have exclusive jurisdiction of prosecutions for the violations of the ordinances of such town."

In State v. Berg, 237 Iowa 356, 358, 21 N.W.2d 777, 778, we analyzed the statutory provisions in the following language:

"The district court has original jurisdiction of such criminal prosecutions only as are punishable by a fine of more than one hundred dollars or imprisonment for more than thirty days. Such charges are presented on indictments or on county attorney's informations and such offenses are commonly known as indictable offenses. Code section 13644 [now section 769.1]. Indictable offenses include all felonies and also indictable misdemeanors (punishable by a fine of more than one hundred dollars or more than thirty days' imprisonment in jail). See Code sections 12890, 12894 [now sections 687.2 and 687.7]; Article I, section 11, Constitution of Iowa.

"Misdemeanors for which the penalty does not exceed one hundred dollars or thirty days in jail are called nonindictable misdemeanors. Frequently they are referred to as minor offenses or petty offenses. Justice-of-the-peace courts and certain other inferior courts or courts of limited jurisdiction have jurisdiction of nonindictable offenses but not of trials of indictable misdemeanors nor of felonies. Code, chapter 627 [now chapter 762]. The district court does not have original jurisdiction of nonindictable offenses.

"Municipal courts (Code, chapter 475) [now chapter 602] have jurisdiction to try indictable misdemeanors and also nonindictable misdemeanors. * * *."

III. The contention of appellee is that the word "misdemeanor" in section 769.2 does not have reference to an indict-

able misdemeanor but to an ordinary misdemeanor where the fine is one hundred dollars or less or thirty days in jail or less. Appellee's counsel contends we have no right by judicial pronouncement to insert the word "indictable" before the word "misdemeanor." This was the position of the trial court.

It is our position that sections 769.1 and 769.2 must be read and considered together. When the legislature said in 769.1 "or on information as *herein provided*" (emphasis ours) it had reference to both sections; otherwise the emphasized words would be meaningless. When the word "misdemeanor" is used in section 769.2 it could have reference to no other language than the language quoted from section 769.1. Such language has reference only to indictable misdemeanors and not to ordinary misdemeanors.

Every part of a legislative enactment pertaining to the same subject matter in the same chapter must be taken into consideration in determining legislative intent. 82 C. J. S., Statutes, section 316, page 551, states: "There is a presumption that every word, sentence or provision [of a statute] was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used. Conversely, it will not be presumed that the legislature inserted idle or meaningless verbiage or superfluous language, or intended any part or provision to be meaningless, redundant or useless."

Charges as to the type of misdemeanors to which appellee refers are not initiated by county attorney's informations. State v. Wyatt, 207 Iowa 322, 222 N.W. 867. Such informations are filed by peace officers or private citizens who have a grievance as to a criminal offense against another person or persons. Sections 762.2, 762.3, 762.4, 762.5.

IV. In the development of criminal jurisdiction, under constitutional authority, there is no question but what the legislature intended through the establishment of municipal courts in the cities of our state to relieve the overburdened district courts in such cities as to a large volume of criminal cases. The decision of the trial court in the instant case would seriously curtail such intention.

This situation, together with our analysis of the intent of the legislature as to sections 769.1 and 769.2, necessitates a reversal of the decision of the trial court.—Reversed.

All JUSTICES concur.