## People of the State of Illinois, Defendant in Error, v. William Brown, Plaintiff in Error.

### Gen. No. 51,185.

First District, Third Division.

July 29, 1966.

George W. Groble, of Chicago, for plaintiff in error.

William G. Clark, Attorney General, of Springfield (Fred G. Leach, Assistant Attorney General, of Springfield, Daniel P. Ward, State's Attorney of Cook County, of Chicago, and Elmer C. Kissane and Carmen V. Speranza, Assistant State's Attorneys, of Chicago, of counsel), for defendant in error.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Upon a trial without a jury, the defendant was convicted of the unlawful possession of narcotics and sentenced to two years to two years and a day in the state penitentiary. He contends that he was denied the right to a trial within the period prescribed by statute (Ill Rev Stats, c 38, § 748 (1961)), which reads as follows:

"748. Discharge For Want of Prosecution.] Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, *unless the delay shall happen on the application of the prisoner. . . ."* (Emphasis added.)

The issue to be determined on appeal is whether a continuance granted by the court during the period prior to trial was on the application of the defendant, in which case the running of the four-month statutory period would have been tolled.

Defendant was arrested with one Charleen Brown, not a relative, on February 21, 1963. Charleen was released on bail, but the defendant remained in custody. In the following months defendant and Charleen were brought before a judge of the Municipal Court of Chicago four times for the purpose of determining whether there was sufficient evidence to hold them to the Grand Jury. On June 13, 1963, a preliminary hearing was held and defendant was bound to the Grand Jury. On July 5, defendant was finally indicted, and on July 15, 1963, the Public Defender was appointed to represent him and a plea of not guilty was entered upon arraignment. Defendant then moved to have the case dismissed under the Fourth Term Act, and after the denial of that motion he was released on bail on July 26, 1963. Defendant was therefore in custody from February 21, 1963, to July 26, 1963, a period of more than five months, without having been tried or released on bail. Unless one of the continuances can be attributed to him, his right to a speedy trial was clearly violated.

The State contends that the continuance granted at the second hearing on April 1, 1963, which continued

the case for hearing until May 6, 1963, was on defendant's application and therefore the running of the four-month period was tolled. This issue turns on the following dialogue between the court and the defendant:

"The Court: Are you ready for a hearing?

Mr. Brown: No, sir.

The Court: What?

Mr. Brown: No, sir.

The Court: What?

Mr. Brown: No, sir.

Sergeant Flynn: It has to be a bring-back, your Honor.

The Court: Are you asking for a continuance too then?

Mr. Brown: Yes."

That this continuance was requested by defendant William Brown is confirmed by the proceedings which took place on May 6, 1963. The abstract filed by defendant reveals the following proceedings on that day:

"Mr. Houlihan: Get the record straight. Did you ask for a continuance last time, Mr. Brown?

Mr. Brown: Yes.

Mr. Houlihan: Did you ask for a continuance last time?

Mr. Brown: Yes.

The Court: Let's see the time.

Mr. McDonnell: It was the motion of the defendant, Your Honor."

Defendant contends that he did not fully understand the significance of the judge's inquiry because he was not represented by counsel and therefore his affirmative response should not be construed as a request for a continuance. It is clear, however, that the dialogue on both days was in very simple language, and defendant's response certainly indicated that he understood the questions put to him.

Defendant relies on People v. Wyatt, 24 Ill2d 151, 180 NE2d 478. That case was distinguished in People v.

Faulisi, 34 Ill2d 187, 215 NE2d 276. The court in the Faulisi case said (p 191):

"Here the record clearly shows that the defendant made the request for counsel and acquiesced in the court's statement that the case was continued on defendant's motion. . . ."

In the instant case the record clearly shows that the defendant was not ready to proceed with the hearing on April 1, 1963, that he told the court he wanted a continuance and that at the hearing on May 6, 1963, he confirmed that the continuance granted on April 1 was at his request. Under such circumstances, the running of the four month statute was tolled.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.