**People of the State of Illinois, Plaintiff-Appellee, v. George P. Irish, Defendant-Appellant.**

Gen. No. 50,342.

First District, Third Division.

November 17, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall A. Patner, Frederick F. Cohn and

James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and George J. Murtaugh, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a nonjury trial the defendant was convicted of the unlawful sale of narcotic drugs [1] and sentenced to serve ten years to ten years and one day in the Illinois State Penitentiary. He presents four points for reversal, as follows:

(1) The State failed to bring him to trial within the 120-day time limit; [2]

(2) The court should have suppressed certain verbal and physical evidence as the fruit of an illegal search and seizure;

(3) The evidence was insufficient to prove guilt beyond a reasonable doubt; and

---

[1] Ill Rev Stats, ch 38, § 22–40, par 3 (1963).

"Whoever violates this Act by traffic in, selling, prescribing, administering, or dispensing any narcotic drugs, shall be imprisoned in the penitentiary for any term from 10 years to life, and for any subsequent offense shall be imprisoned in the penitentiary for life. Any offense under this Act is a subsequent offense if the violator has been previously convicted of an offense under this Act or any previous Act of this State relating to narcotic drugs or of a felony under any law of the United States or of the District of Columbia relating to narcotic drugs. No probation or suspension of sentence shall be granted to any violator convicted under this paragraph."

[2] Ill Rev Stats, ch 38, § 103–5(a) (1963).

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal."

(4) The trial court unduly restricted cross-examination of one of the witnesses for the prosecution.

Defendant was arrested on March 31, 1964, following a controlled purchase of narcotics arranged by the Chicago Police Department. Edward Palmer, an addict-informer, advised the police that he could purchase drugs and in accordance with the usual practice he was searched, found to be free from the possession of any narcotics, and provided with marked money with which to complete the transaction. Three policemen accompanied Palmer to the vicinity of 43rd Street and Prairie Avenue in Chicago. One of the arresting officers testified that he followed the informer while the other officers remained in the squad car, that he observed the informer conversing with defendant and saw them as they stepped into the vestibule of a building and exchanged "something." The informer returned to the squad car with three tinfoil packets subsequently found to contain heroin. The police then proceeded across the street to a sweet shop where they arrested defendant. Although the arresting officers did not recover any marked money, an ultraviolet examination of defendant revealed traces of the fluorescent powder (used to mark the bills) on his face and hands. One officer testified that at police headquarters defendant said, "I wasn't really selling. I was doing the guy a favor."

The defendant, who was not then represented by counsel, appeared at the preliminary hearing on April 1, 1964. At that time the State asked that the case be continued for a day or so in order to secure a chemical analysis of the confiscated property. The court explained to defendant that the State was entitled to a short continuance, but that if defendant wanted a longer continuance on his own behalf to have an opportunity to make bond, he was entitled to one. Defendant said he thought he could raise the money and that he did want a con-

71

tinuance, which the court granted. The case thereupon was continued to May 19. Defendant failed to make bail, although the continuance was charged to him, thereby tolling the 120-day time limit. Defendant now contends that the continuance was granted on the court's motion and that the statute should not have been tolled.

██ Every person in custody for an offense must be tried within 120 days from the date he was taken into custody, unless a delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal. Ill Rev Stats, ch 38, § 103–5(a) (1963). Defendant contends that the delay was not occasioned by him and he cites as authority People v. Wyatt, 24 Ill2d 151, 180 NE2d 478. In the Wyatt case, the defendants appeared for arraignment without counsel. They were accompanied however, by two lady friends, whom the trial court took to be the fiancees of the prisoners. The women offered to employ legal counsel for the prisoners and the court continued the case for that purpose. The prisoners' participation was apparently limited to their acquiescence in the arrangement made. It was not made on their motion, and on that basis the Supreme Court held it was not chargeable to them.

In the instant case no outside interference exists. The judge carefully explained defendant's rights in simple language, and it is apparent from the dialogue which followed that the defendant understood that if he so desired he could get a continuance for a reasonable time to enable him to make bail; that he expressed his desire to do so and a continuance was granted. It was properly chargeable to him. People v. Brown, 74 Ill App2d 56, 220 NE2d 24; People v. Faulisi, 34 Ill2d 187, 215 NE2d 276.

██ The case was again delayed on September 11, 1964, when the State filed a petition for an extension of time, alleging that a material and essential witness, a chemist in the crime laboratory, was on furlough and out

of the State, although the State's Attorney had exercised due diligence in an effort to produce him as a witness to establish that the substance sold was narcotics, which was an essential part of the State's case. People v. Harrison, 26 Ill2d 377, 186 NE2d 657. The statute vests the trial court with discretion to grant a continuance not exceeding sixty days when the circumstances demand such action,[3] and his decision will not be disturbed unless there has been a clear abuse of discretion. People v. Poland, 22 Ill2d 175, 174 NE2d 804. The facts here do not show any abuse of discretion.

■ We proceed to the second point, that certain oral and physical evidence should have been suppressed. During the trial counsel for defendant objected to some of the testimony relating to the results of an ultraviolet examination, but at no time did counsel make a motion to suppress evidence. Since the objection is raised for the first time on appeal, we do not find it necessary to consider the legality of the arrest or the search. People v. King, 26 Ill2d 586, 188 NE2d 11; People v. Brengettsy, 25 Ill2d 228, 184 NE2d 849.

■ Defendant further contends that the State failed to prove him guilty beyond a reasonable doubt. The arresting officers testified that they observed the meeting between Palmer and the defendant, and one officer testified that he had seen "something pass" between them. The informer returned with narcotics shortly after the conversation with defendant, and when defendant was arrested, the officers found traces of fluorescent powder on his hands and face. The evidence is adequate to support a finding of guilt beyond a reasonable doubt.

[3] Ill Rev Stats, ch 38, § 103–5 (c) (1963).
"If the court determines that the State has exercised without success due diligence to obtain evidence material to the case and that there are reasonable grounds to believe such evidence may be obtained at a later day the court may continue the cause on application of the State for not more than an additional 60 days."

The final point raised on this appeal is that the trial court unduly restricted the cross-examination of one of the arresting officers. Defendant's counsel sought to prove a prior inconsistent statement allegedly made by a witness for the State during the preliminary hearing. On an objection by the State, the court ruled that the defense was required to read the *exact* questions and answers made at the hearing in order to lay a proper foundation for the admission of the inconsistent testimony. This is not the law in Illinois. In People v. Dixon, 28 Ill2d 122, 190 NE2d 793, the Supreme Court held that the defense could lay the foundation for impeachment without reading back the exact questions asked at an earlier trial. The court said, at 124:

> "The court therefore should have permitted defense counsel to lay a foundation for impeachment without requiring him to repeat the specific questions and answers from the former trial. After laying the foundation, the impeachment could have been completed, in the absence of a transcript, by calling the reporter at the former trial to prove the prior inconsistent testimony."

The cross-examiner may direct the attention of the witness to the time, place and substance of an alleged inconsistent statement and ask the witness if he made such a statement. This lays the foundation for subsequent impeachment. If the witness denies that he made such a statement, it is the duty of the defendant and his lawyer to produce evidence that the conflicting statement was actually made. It sometimes happens that such questions are asked solely for the purpose of sowing suspicion in the minds of the jurors. This is an impropriety, and the trial court should deal with it by admonishing the lawyer that he must not ask the question unless he has evidence to support its implications

and by an instruction to the jury if so desired by counsel. In this case, however, defendant could not produce impeaching evidence because he had not been permitted by the court to lay the foundation for it. We must therefore, under the decision in People v. Dixon, supra, hold that this was error and reverse and remand the cause for a new trial.

Judgment reversed and cause remanded.

SULLIVAN, P. J. and DEMPSEY, J., concur.