## STATE, Respondent, v. DRAPER, Appellant.

*No. State 122.   Argued February 7, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 165.)

748

"...

For the appellant there was a brief and oral argument by *Jack McManus* of Madison.

For the respondent the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

HANLEY, J.   The issue on this appeal is whether the trial court abused its discretion in denying the defendant's request to withdraw his guilty plea.

The defendant contends that it is an abuse of discretion not to allow the withdrawal of a guilty plea when a manifest injustice occurs.  The alleged injustice arose because (1) the request to withdraw the guilty plea was made timely and should have been granted; (2) the defendant was denied the effective assistance of counsel; (3) the defendant's plea was involuntary; (4) the district attorney did not live up to a plea agreement; and (5) the defendant was not properly advised of his constitutional rights.

### *Motion to Withdraw Plea.*

The defendant contends that he did not obtain counsel until the day after he was sentenced but that a motion to withdraw his guilty plea was made immediately thereafter.

In *State v. Reppin* (1967), 35 Wis. 2d 377, 151 N. W. 2d 9, this court adopted the Tentative Draft of the American Bar Association Project on Minimum Standards for Criminal Justice—Pleas of Guilty.[2]

"2.1  Pleas withdrawal.
" . . .
" (i)  A motion for withdrawal is timely if made with due diligence, considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence."

There can be no argument with the statement that this motion was timely made.  However, it should be noted that when a motion is made for withdrawal of the plea *before* sentence is passed:

". . . less proof would be needed to grant such a motion than if it were made after sentencing." *State v. Reppin, supra,* at page 384.

---

[2] (Tentative Draft, February, 1967), Part II, pp. 9, 10.

Whether the defendant's oral request to withdraw his guilty plea occurred before or after sentencing, it was timely and should have been called to the court's attention by the district attorney. However, since it is apparent from this appeal that the defendant has had the opportunity to be heard on his objections to the guilty plea, he was not prejudiced by the failure of the district attorney to inform the court of the request to withdraw the plea.

It should also be noted that it is difficult to believe that the defendant requested the withdrawal of his plea *before* sentence was passed. The record made at the time of the plea clearly indicates that neither the defendant nor his employer were reluctant to make comments to the court. If there had been a desire to make the request, it would almost certainly have been on the record. Moreover, the allegations in the affidavits of such an early request for a withdrawal of the plea appear to have been abandoned on this appeal, as there has been no reference to such a request either in the defendant's brief or on oral argument.

The motion to withdraw the guilty plea was made timely, but that does not mean that it should have been granted. Whether sufficient grounds were alleged for withdrawal of the plea is the question which must be answered on this appeal.

### Denial of Assistance of Counsel.

Defendant contends that it was a manifest error not to appoint counsel at public expense in this case because a potential six-month sentence is severe and substantial.

Although the trial court could have provided counsel in this case, he was not obliged to do so.

". . . Hence, to insure the fair administration of justice we here decide that counsel should be provided, in accordance with rules established by previous decisions of this court, in the case of all indigents charged with a mis-

demeanor when the maximum penalty for imprisonment *exceeds* six months and in such other cases in which the trial court, in the exercise of its sound discretion, deems it necessary and desirable in order to attain the best interest of justice." *State ex rel. Plutshack v. H&SS Department* (1968), 37 Wis. 2d 713, 724, 725, 155 N. W. 2d 549, 157 N. W. 2d 567. (Emphasis supplied.)

The court did advise the defendant that:

". . . if you wish to obtain counsel you will be given a chance to do so. Of course, you have the right to represent yourself. Now, what is your wish in the matter?"

### *Involuntary Plea.*

The defendant argues that the trial court coerced a guilty plea. The record made at the time of the plea amply refutes that allegation.

"*The Court:* All right. Mr. Draper, what is your plea to the charge?

"*The Defendant:* I will plead no contest because I didn't point it at anyone, but I had it in my hand.

"*The Court:* Well, no contest gives the Court the right to adjudge you guilty, so if you think you are not guilty you shouldn't plead no contest, because that's a plea of guilty. The complaint alleges—the complaining witness alleges that you pointed the pistol at him several times—on several different occasions, so if you feel you're not guilty, then your plea better be not guilty, and we'll set the matter for trial. Is that what you want to plead, not guilty?

"*The Defendant:* No, I had the gun, but I didn't point it at him or anything.

"*The Court:* Now, you're charged with pointing the gun; you tell me you didn't, but you want to plead guilty.

"*The Defendant:* I had the gun, yes, in my hand.

"*The Court:* You're charged with pointing the gun; that's what you're charged with. I have said that three times. What do you want to plead to that charge? Don't plead not guilty and tell me you didn't do—or don't plead guilty and tell me you didn't do it, because you're not being consistent. What you're charged with is unlawfully

pointing a firearm at Charles Walter Roberts. Now, it should be—if there is any doubt in your mind, then don't plead guilty to a crime; ask the Court to set the matter for trial.

"*The Defendant:* I will plead guilty.

"*The Court:* All right, then on your plea of guilty the Court adjudges you guilty. . . ."

The affidavits of the defendant which state that he was misled by the trial court must be considered in conjunction with this record. We conclude that the defendant has failed to raise even a reasonable doubt as to the voluntariness of his plea.

*Plea Bargaining Agreement.*

The affidavits of the defendant and his employer allege that the district attorney agreed not to recommend a jail sentence in exchange for a plea of guilty. The affidavits of the district attorney and a detective who was present allege that no plea agreement was made. Two other factors should be considered. First, the defendant initially entered a plea of no contest. He only pleaded guilty after he was informed of the effect of his initial plea. Second, the following conversation took place between the court and the district attorney.

"*The Court:* . . . Well, are you prepared to make a recommendation, Mr. Smith?

"*Mr. Smith:* Your Honor, I'd recommend some jail time; the exact period I'd leave up to the Court. . . ."

There was no objection to this conversation by either the defendant or his employer.

When an accused seeks to withdraw his guilty plea, he has the burden of showing adequate grounds for withdrawal.

". . . This burden is the clear and convincing evidence test and such burden is in accord with the rule in other jurisdictions." *State v. Reppin, supra,* at page 385.

". . . If it is going to be permissible to withdraw a guilty plea because a plea agreement was violated, the first element which the accused should have to prove is that a plea agreement was actually made." *LeFebre v. State* (1968), 40 Wis. 2d 666, 672, 162 N. W. 2d 544.

The defendant has not established that a plea agreement was made.

### Failure to Advise of Constitutional Rights.

The defendant contends that he was interrogated by the district attorney without first being advised of his constitutional rights. Although it seems the defendant had been advised of his rights at the time of his arrest, it does not clearly appear that the defendant was again instructed later in the day when he discussed the charge with the district attorney.

". . . But unless and until such warnings and waiver are demonstrated by the prosecution at trial, *no evidence obtained as a result of interrogation* can be used against him." *Miranda v. Arizona* (1966), 384 U. S. 436, 479, 86 Sup. Ct. 1602, 16 L. Ed. 2d 694, 10 A. L. R. 3d 974. (Emphasis supplied.)

The prosecution never offered any evidence against the defendant. He was convicted on his own plea. Even assuming that the proper warnings were not given in a timely manner, the defendant has not been prejudiced.

The trial court in denying the defendant's motion to withdraw the plea found that no manifest injustice occurred in either the proceedings or judgment of guilt based on the plea. The circuit court on appeal was of the opinion that no manifest injustice has been shown. We find nothing in this record which would require this court to hold to the contrary as a matter of law.

*By the Court.*—Judgment affirmed.