Edith Darlene WRIGHT, Plaintiff,

v.

James P. DENATO, Judge of the 9th Judicial District of Iowa, Defendant.

No. 53954.

Supreme Court of Iowa.

June 23, 1970.

Robert C. Oberbillig and Kent B. Willis, Des Moines, for plaintiff.

Richard C. Turner, Atty. Gen., and Roxanne Conlin, Asst. Atty. Gen., Des Moines, for defendant.

LeGRAND, Justice.

We have allowed certiorari in this case to consider the single question whether one charged with an indictable misdemeanor is entitled to court-appointed counsel under our law upon a showing of indigency. We hold he is.

Plaintiff was charged with violation of section 321.261, Code of Iowa, for failure to remain at the scene of an accident and render assistance to an injured person. Following her indictment, she appeared for arraignment, plead not guilty, and orally requested an attorney be appointed to represent her. This request was refused. She also filed a written application asking appointment of counsel. A hearing was had on this application, at the conclusion of which the trial court found plaintiff to have established her indigency, but ruled she was not entitled to counsel at public expense on a misdemeanor charge.

■ Our sole task is to determine whether the trial court committed an error of law in so ruling. Certiorari is an ordinary action, not triable here de novo. Rules 317, 318, and 344(f) (1), Rules of Civil Procedure; Smith v. Iowa Liquor Control Commission, Iowa, 169 N.W.2d 803.

■ Under the rule that findings of fact are not ordinarily reviewable on certiorari, we take it as established that plaintiff is indigent. Iowa-Illinois Gas and Electric Company v. Gaffney, 256 Iowa 1029, 1033, 129 N.W.2d 832, 834; Staads v. Board of Trustees, Iowa, 159 N.W.2d 485, 489; Smith v. City of Ft. Dodge, Iowa, 160 N.W.2d 492, 495; Sueppel v. Eads, 261 Iowa 923, 926, 156 N.W.2d 115, 116.

We limit our discussion to the particular issue involved—the right to counsel upon prosecution for an indictable misdemeanor. There is no longer any doubt about a defendant's right to such counsel if charged with a felony. Any possible uncertainty about this was put to rest by Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Since that 1963 decision, however, courts have been wrangling about whether the language used there is sufficiently inclusive to make mandatory the appointment of counsel in all criminal cases or whether it is limited to felony charges.

The matter is still open for independent determination by state courts since the Supreme Court of the United States has not yet settled the question.

The following, although not meant to be exhaustive, are illustrative of the different conclusions reached and the different reasons given in various jurisdictions. Right to counsel in all misdemeanor cases has been upheld in State v. Borst, 278 Minn. 388, 154 N.W.2d 888; Application of Stevenson, Ore., 458 P.2d 414; Bolkavoc v. State, 229 Ind. 294, 98 N.E.2d 250; People v. Mallory, 378 Mich. 538, 147 N.W.2d 66; People v. Witenski, 15 N.Y.2d 392, 259 N.Y.S.2d 413, 207 N.E.2d 358; Hunter v. State, Okl.Cr.App., 288 P.2d 425; In re Johnson, 62 Cal.2d 325, 42 Cal.Rptr. 228, 398 P.2d 420; Goslin v. Thomas, 5 Cir., 400 F.2d 594; Wilson v. Blabon, 9 Cir., 370 F.2d 997; Evans v. Rives, 75 U.S. App.D.C. 242, 126 F.2d 633.

Other courts have made the rule applicable only to "serious" misdemeanors or to those involving "substantial punishment."

These include State v. Anderson, 96 Ariz. 123, 392 P.2d 784; State v. Draper, 41 Wis.2d 747, 165 N.W.2d 165; Arbo v. Hegstrom, District Court Connecticut, 261 F. Supp. 397; Beck v. Winters, 8 Cir., 407 F.2d 125; James v. Headley, 5 Cir., 410 F.2d 325 (compare with the 5 Cir. case of Goslin v. Thomas, supra).

Some of these results are reached on constitutional grounds, some on particular statutory provisions, some on a "fair trial" rationale, and one—Minnesota—on the general supervisory powers of the Supreme Court over the lower court.

We believe the result here is dictated by our own statutory provisions.

Plaintiff urges she is entitled to court appointed counsel at public expense under Amendment 6 and Amendment 14, section 1, Constitution of the United States, under Article I, section 10, Constitution of Iowa, and under section 775.4, 1966 Code of Iowa.

I. We consider first plaintiff's right to counsel under section 775.4, Code of Iowa, because as already indicated we feel it is determinative of this controversy.

■ All crimes in Iowa are statutory and are divided into two classes, felonies and misdemeanors. "A felony is a public offense which may be punished with death, or which is, or in the discretion of the court may be, punished by imprisonment in the penitentiary or men's reformatory." (Section 687.2, Code.) Every other public offense is a misdemeanor. (Section 687.4, Code.)

■ There are, in turn, two kinds of misdemeanors, indictable and simple. An indictable misdemeanor is one punishable by a fine of more than $100.00 or more than 30 days imprisonment in jail. All other misdemeanors are simple. State v. Berg, 237 Iowa 356, 358, 21 N.W.2d 777, 778; State v. Jacobs, 251 Iowa 314, 316–318, 100 N.W.2d 601, 603. See also Article I, section 11, Constitution of Iowa.

The section under which the prosecution here under examination was started (Section 321.261, Code) provides in part as follows:

"Any person failing to stop or to comply with [the requirement to render assistance to one injured in an accident] * * * shall upon conviction be punished by imprisonment of not less than thirty days nor more than one year or by fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment."

■ Under the authorities above set out, then, the offense with which plaintiff is charged is an indictable misdemeanor. It is important to establish this status because section 775.4, Code of Iowa, dealing with arraignment and appointment of counsel, provides in pertinent part as follows:

"If the defendant appears for *arraignment* without counsel, he must, before proceeding therewith, be informed by the court of his right thereto, and be asked if he desires counsel; and if he does, and is unable to employ any, the court must allow him to select or assign him counsel, not exceeding two, who shall have free access to him at all reasonable hours." (Emphasis added.)

This section makes it a matter of right for an indigent defendant to have counsel assigned to him in any case where he appears for arraignment without counsel.

■ Arraignment is a procedural right accorded defendants only after indictment (or the filing of a county attorney's information). Section 775.1, Code, provides, "As soon as practicable after an *indictment* is found, the defendant must be arraigned thereon unless he waives the same. * * *" (Emphasis added.)

Section 775.8, Code, defines arraignment this way:

"Arraignment consists in reading the *indictment* to the defendant and * * * delivering to him a copy thereof * * *" (Emphasis added.)

The State argues for an interpretation of our law which would limit a defendant's right to court-appointed counsel to felony charges. The State relies on a number of appellate decisions which have done so. We have already mentioned many of them. To reach this conclusion would require us to judicially amend sections 775.4 and 775.8 to limit their application to arraignments on felony charges. We decline to do so, since the language clearly includes all indictable cases, both felonies and misdemeanors.

Any lingering doubt about this is removed by section 775.2, Code, which provides a defendant must be personally present when arraigned on a *felony* but may appear for arraignment by counsel in "other cases." The "other cases" referred to can only be indictable misdemeanors.

■ Several Attorney General Opinions also reach this conclusion. See 1964 O.A.G., page 3119 and 1966 O.A.G., page 4127. We have often held such opinions, although not binding on us, are entitled to our "respectful consideration." Gottschalk v. Sueppel, 258 Iowa 1173, 1185, 140 N.W.2d 866, 873, and cases there cited. See also on this subject generally Carlson, "Appointed Counsel in Criminal Prosecutions," 50 Iowa Law Review 1073 and Katz, "Gideon's Trumpet: Mournful and Muffled," 55 Iowa Law Review 523.

■ We hold an indigent defendant charged with an indictable misdemeanor is entitled to appointment of counsel upon request under section 775.4, Code of Iowa.

■ II. We feel it necessary also to discuss the State's claim that section 777.12, Code, limits the right to appointed counsel to felony cases. We do not agree, nor do we find, as the State suggests, conflict between sections 775.4 and 777.12.

Section 777.12 deals exclusively with the manner in which a plea of guilty may be made. It provides as follows:

"The plea of guilty can only be made in open court and by the defendant himself and in the presence of legal counsel acting on behalf of the defendant if the defendant is charged with a felony * * *. *Before a plea of guilty or an entry of judgment,* if the defendant has neither employed counsel nor been assigned counsel as provided in section seven hundred seventy-five point four (775.4) of the Code, the court shall appoint counsel for the defendant *if the defendant is charged with a felony.*" (Emphasis added.)

■ It is apparent the two sections cover different situations. Section 775.4 allows an indigent defendant, when arraigned, to have counsel assigned *upon request.* This section does not contemplate a plea of guilty.

Section 777.12 requires that counsel *must* be appointed on a felony charge before a guilty plea is accepted or before judgment is entered if counsel has not already been assigned at the time of arraignment under 775.4. Obviously the legislature did not recognize any inconsistency between these sections since it makes the provisions of section 777.12 applicable only if its purposes have not already been accomplished under section 775.4. We find the two statutes entirely reconcilable.

III. In view of our conclusion in Division I we need not reach the constitutional questions raised. See City of Des Moines v. Lohner, Iowa, 168 N.W.2d 779, 782; People v. Dixon, 28 Ill.2d 122, 190 N.E.2d 793, 794; State v. Graves, 119 Vt. 205, 122 A.2d 840, 842; State v. Salerno, 27 N.J. 289, 142 A.2d 636, 639, 16 C.J.S. Constitutional Law § 94, page 317.

We feel it proper to point out we are expressing no opinion on the right of an

indigent defendant to court-appointed counsel when charged with a simple misdemeanor. Neither do we say such a defendant may not sometimes be entitled to appointment of counsel prior to arraignment. Those questions are not now before us.

For the reasons stated herein the writ is sustained and the district court is ordered to appoint counsel to represent the plaintiff on the charge now pending against her.

Writ sustained.

All Justices concur, except REES, J., who takes no part.