CITY OF DES MOINES, Iowa, Plaintiff,

v.

Norman D. ELLIOTT, Defendant.

No. 61027.

Supreme Court of Iowa.

June 28, 1978.

John P. Malone, Asst. City Atty., for plaintiff.

Roger J. Hudson and John J. Gajdel, Des Moines, for defendant.

Considered by MOORE, C. J., and MASON,* REES, UHLENHOPP and REYNOLDSON, JJ.

MOORE, Chief Justice.

The question in this original certiorari action is whether defendant judge exceeded his jurisdiction or otherwise acted illegally in dismissing two nonindictable (simple) misdemeanor cases because of noncompliance with the 60-day speedy trial requirements of section 795.2, 1975 Code. We sustain the writ.

On June 13, 1977 the City of Des Moines filed informations in Polk County District Associate Court against one Ronnie Byron Wilson charging him with "resisting an officer" in violation of section 17–19 and with a Des Moines Parks "curfew" offense in violation of section 15–135, Des Moines City Code. It is undisputed both offenses are nonindictable misdemeanors under the law then applicable, the 1975 Code of Iowa. Trial was scheduled for July 13. Wilson filed a jury demand on June 20. Magistrate Louis Anania set jury trial for August 22, 1977.

On August 16, 1977, defendant Wilson filed a motion to dismiss the charges because of noncompliance with section 795.2. Magistrate Anania overruled this motion. However, when Wilson renewed his motion on trial date, it was sustained by the Honorable Norman D. Elliott, defendant, Polk County District Associate Judge. His ruling was specifically based on the provisions of section 795.2. No constitutional issue was raised or decided. This certiorari action followed. Plaintiff argues section 795.2 does not apply to simple misdemeanor cases.

▮ I. In his brief defendant argues certiorari under rule 306, Rules of Civil Procedure, is not available to test the validity of his ruling. This contention is without merit. It is now settled certiorari is a proper method for challenging an adverse ruling on a motion to dismiss. *Collier v. Denato,* Iowa, 247 N.W.2d 236, 238.

▮ II. The question here turns on familiar principles of statutory construction. The polestar is legislative intent and our goal in construing a statute is to ascertain that intent and, if possible, give it effect. *Doe v. Ray,* Iowa, 251 N.W.2d 496, 500. Words in a statute are given their ordinary meaning unless defined differently by the legislature or possessed of a peculiar and appropriate meaning in law. *State v. Hesford,* Iowa, 242 N.W.2d 256, 258; *Kelly v. Brewer,* Iowa, 239 N.W.2d 109, 114; section 4.1(2), The Code. We must construe the statute in its entirety, and not from any one portion. *Doe v. Ray,* supra, 251 N.W.2d at 500. *Millsap v. Cedar Rapids Civil Service Com'n.,* Iowa, 249 N.W.2d 679, 688.

Section 795.2, 1975 Code, provides in pertinent part:

* Serving after June 14, 1978 by special assignment.

"If a defendant *indicted for a public offense,* whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found, the court must order it to be dismissed, unless good cause to the contrary be shown." (Emphasis supplied).

Although not applicable here, we note chapter 813.2, 1977 Code Supplement, rule 27(2)(b) changes the time period to ninety days.

■ As defined in chapter 687 a "public offense" may be either a felony or misdemeanor depending on the penalty imposed. See *State v. McClelland,* Iowa, 164 N.W.2d 189, 197. However, whichever type of offense is involved, section 795.2 clearly provides it must be *indictable.* Contrary to defendant's assertions, indictment has a very specific meaning—"an accusation in writing, found and presented by a grand jury * * * charging that a person therein named has done some act * * * which by law is a public offense, punishable on indictment." Section 773.1, 1975 Code. All parties concede the public offenses here were not charged by indictment or county attorney's information. There is no question they were simple misdemeanors. That is, those public offenses which are prohibitable by a fine not to exceed $100 or 30 days in jail. They are thus nonindictable. *Wright v. Denato,* Iowa, 178 N.W.2d 339, 341 and citations.

We agree with plaintiff's position and hold the speedy trial guarantees of section 795.2 have no application to charges of nonindictable misdemeanors.

The writ is sustained.

REES, UHLENHOPP and REYNOLDSON, JJ., concur.

MASON, J., dissents.