**STATE of Iowa, Appellant,**

v.

**Charles Elmer SPIEKER, Appellee.**

No. 83–213.

Supreme Court of Iowa.

Feb. 15, 1984.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Jeffrey B. Millhollin, County Atty., for appellant.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

We granted discretionary review to consider the State's challenge to a ruling by which the district court dismissed a speeding charge. The question is whether the speedy trial requirements of Iowa rule of criminal procedure 27(2) apply to simple misdemeanors. The district court found them applicable. We disagree and conclude that the district court should not have dismissed the charge.

On January 6, 1982, defendant was tried and convicted by a judicial magistrate for speeding, in violation of Iowa Code section 321.286 (1981). He immediately appealed to a district judge. *See* Iowa R.Crim.P. 54.[1]

For more than a year the *de novo* trial in district court was delayed. Apparently all the continuances were requested by the State. On February 23, 1982, prior to trial, defendant moved for dismissal on the ground the case had not been processed in a speedy manner.

---

1. An amendment to rule 54, effective July 1, 1982, allows defendant a *de novo* trial on appeal only if it is from a non-lawyer magistrate. *See* 1982 Iowa Acts ch. 1269. The amendment was not involved in this appeal.

The district judge ruled that Iowa rule of criminal procedure 27(2)(b) guarantees a speedy trial *de novo* in an appeal from a judicial magistrate to a district judge. The court found that the rule had been violated in defendant's case, and accordingly dismissed the prosecution.

Iowa rule of criminal procedure 27(2) provides in material part:

It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this subsection may be made by the prosecuting attorney or the defendant or by the court on its own motion.

> \* \* \* \* \* \*

*b.* If a defendant *indicted* for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or the court must order the indictment to be dismissed unless good cause to the contrary be shown.

(Emphasis added.)

This is the first case which presents the question of whether an offense must be indictable to fall within the purview of rule 27(2)(b). We did, however, have occasion to consider whether the predecessor of the rule governed non-indictable offenses. The prior provision, Iowa Code section 795.2 (1977), was interpreted in *City of Des Moines v. Elliott*, 267 N.W.2d 44 (Iowa 1978). Elliott was charged with two simple misdemeanors and filed a motion to dismiss on the ground of noncompliance with section 795.2.

Elliott's motion, like the present defendant's, was sustained by the district judge. As in the present case no constitutional issue was decided. We held that section 795.2 clearly provides only for indictable offenses. We said:

> Contrary to defendant's assertions, indictment has a very specific meaning— "an accusation in writing, found and presented by a grand jury \* \* \* charging that a person therein named has done some act \* \* \* which by law is a public offense, punishable on indictment."

*Id.* at 46 (quoting authority). Because the charges against Elliott were simple misdemeanors we held that the speedy trial guarantees of section 795.2 had no application.

The charge against the present defendant was plainly a simple misdemeanor. *See* Iowa Code § 321.482 (1981). Simple misdemeanors are nonindictable offenses. *Wright v. Denato*, 178 N.W.2d 339, 341 (Iowa 1970). Accordingly, under *City of Des Moines*, rule of criminal procedure 27(2)(b) did not entitle defendant to a speedy trial before the district judge.

REVERSED AND REMANDED.